UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:13-cr-00017-RLY-WGH-01 |
| | ) | |
| WILLIAM H. ELDER , | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS INFORMATION FILED PURSUANT TO 21 U.S.C. § 851(A)(1)**

On April 1, 2015, a jury found Defendant, William Elder, guilty of conspiracy to distribute methamphetamine. (Filing No. 390, Verdict Form 1). While the specifics here have little relevance, the general nature of the conspiracy entailed the transportation of methamphetamine from Arizona to Indiana and involved William Elder's son, Matthew Elder. On March 19, the Government filed Information pursuant to 21 U.S.C. § 851. (Filing No. 357, Information Filed Pursuant to 21 U.S.C. § 851(A)(1) 1–2). Defendant now seeks to dismiss this information on multiple grounds.

**I.    Background**

According to the Defendant, the United States offered Defendant a plea agreement, which Defendant subsequently accepted and signed. (Filing No. 428, Mot. Dismiss Information Filed Pursuant U.S.C. § 851(A)(1) 2 (hereinafter "Mot. Dismiss Info.")). The Government subsequently arrested Defendant's co-conspirator and son,

Matthew Elder, who, according to the Government, refused to cooperate. As a result, Defendant alleges, the Government refused to sign and accept Defendant's plea agreement. (*Id*.).

Defendant moves to dismiss the Section 851 Information on the following three theories. First, failure to accept the plea agreement constitutes a violation of due process and prosecutorial vindictiveness. Second, imposition of a life sentence without parole, in this case, constitutes cruel and unusual punishment in violation of the Eighth Amendment. Third, the structure of filing enhancements violates the separation of powers because it effectively takes the power to determine the sentence from the judge and gives it to the prosecutor. (*Id*.).

## II. Discussion

### A. Due Process Argument

Prosecutorial vindictiveness for reliance on a legal right is a "due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). The court must balance due process concerns against the wide discretion given prosecutors. *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006). Provided probable cause, the prosecutor generally retains sole discretion of whether and what to file. *Id*. (quoting *United States v. Armstrong*, 517 U.S. 456, 463 (1996)). The Defendant has "a demanding burden of proof" because the Government is presumed to have acted constitutionally in "prosecutorial decision making" absent "'clear evidence to the contrary.'" *Id*. (quoting *Armstrong*, 517 U.S. at 463). To be successful, a defendant "must present objective

evidence showing genuine vindictiveness." *United States v. O'Hara*, 301 F.3d 563, 571 (7th Cir. 2003) (citing *United States v. Spears*, 159 F.3d 1081, 1086 (7th Cir. 1998)).

It is well established that a prosecutor who charges a defendant more severely for pleading not guilty as opposed to accepting a plea arrangement with a lesser charge is not acting vindictively. *See Bordenkircher*, 434 U.S. at 363 ("[I]n the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer."). Here, Defendant claims the vindictiveness was in response to his codefendant's assertion of a legal right—that is, the forgoing of a plea agreement and pursuit of trial. Because, however, his codefendant's rejection of the plea agreement would not ordinarily be sufficient for a claim of vindictiveness, it is similarly insufficient to bring a claim of vindictiveness by proxy.

The court notes that Defendant's claim is slightly more nuanced. Because Matthew Elder was not a co-defendant at the time Defendant signed the plea agreement, it is reasonable to assume Defendant did not believe Matthew Elder's cooperation and behavior would influence Defendant's agreement. However, the plea agreement contained a clause indicating it was not effective until the Government signed the agreement. (Filing No. 354, Entry Def.'s Am. Mot. Compel 2). Moreover, this court found the agreement unenforceable because the Government never signed it. (*Id*. at 3). In any event, the Government simply deciding not to sign a plea agreement that it was clearly not bound to sign is not "clear evidence" of vindictiveness.[1] Thus, the court finds

---

[1] Defendant also argues prosecutors should not have filed the Information pursuant to a policy set out in 2013 by the Attorney General. However, this policy is not binding on the court. *See United States v.*

that the Government did not act out of vindictiveness, but rather acted in accordance with its discretion in plea bargaining.

### B. Cruel and Unusual Argument

The United States Supreme Court and the Seventh Circuit have consistently upheld the imposition of life sentences. *See Harmelin v. Michigan*, 501 U.S. 957, 994 – 96 (1991) (allowing statutory life imprisonment without possibility of parole for a single drug crime); *see also Ewing v. California*, 538 U.S. 11, 25 (2003) (holding a mandatory twenty-five year sentence for felony theft under a "three strikes law" was not grossly disproportionate such that it violated the Eighth Amendment); *see also United States v. Ousley*, 698 F.3d 972, 976 (7th Cir. 2012) (finding *Harmelin* to unequivocally foreclose Eighth Amendment challenges to mandatory life sentences). The court is bound to follow this precedent and thus must find the imposition of a mandatory life sentence, in this case, does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.

### C. Separation of Powers Argument

The Seventh Circuit has specifically rejected separation of powers arguments regarding mandatory imposition of life sentences. *See United States v. Washington*, 109 F.3d 335, 338 (7th Cir. 1997) (finding mandatory life imprisonment for three serious violent felonies did not violate separation of powers). The court must follow this precedent and therefore, rejects this argument.

---

*Reed*, 576 F. Appx 60, 62 (2nd Cir. 2014) (finding the Attorney General's policy was an exercise of discretion and not binding on the courts).

### III.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Information filed Pursuant to 21 U.S.C. § 851 (Filing No. 428) is **DENIED**.

**SO ORDERED** this 21st day of July 2015.

                                                                _____
                                                                RICHARD L. YOUNG, CHIEF JUDGE
                                                                United States District Court
                                                                Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.